**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN DE SANTIAGO-MENDOZA, | No. 24-1293 |
| Petitioner, | |
| v. | Agency No. A 200-947-745 |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2025[**]
Phoenix, Arizona

Before: BERZON and BENNETT, Circuit Judges, and LEFKOW,[***] District

Judge.

Martin De Santiago-Mendoza, a native and citizen of Mexico, petitions for

review of the order of the Board of Immigration Appeals ("BIA") affirming an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel has unanimously concluded this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

immigration judge's ("IJ") denial of his claims for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a) and deny De Santiago-Mendoza's petition.

De Santiago-Mendoza has been in the United States without documentation since 2000. De Santiago-Mendoza submitted an application for asylum, withholding of removal, and CAT protection in 2016. The BIA found that De Santiago-Mendoza waived any challenge to the IJ's determination that his asylum claim was time barred and that he had not established any change in circumstances that would have warranted his late application. The BIA affirmed that De Santiago-Mendoza failed to meet his burden with respect to his withholding-of-removal and CAT claims.

We review the BIA's interpretation of legal questions *de novo*. *De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022). We review the BIA's factual findings for substantial evidence, meaning that "[t]o reverse the BIA, we must determine that the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (cleaned up) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)); *see also* 8 U.S.C. § 1252(b)(4)(B).

An applicant for withholding of removal must demonstrate a nexus between the persecution he fears and a recognized protected ground, such as a particular social group. *Barajas-Romero v. Lynch*, 846 F.3d 351, 356 (9th Cir. 2017). For withholding of removal claims, an applicant need only show that the protected ground is "a reason" for his fear of future persecution. *Id*. at 360. De Santiago-Mendoza's claim for withholding of removal is based on his membership in the particular social group of his immediate family, which this court has recognized to be cognizable. *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015).

Substantial evidence supports the BIA's conclusion that there was no nexus between his membership in his immediate family and the alleged persecution he fears if returned to Mexico. De Santiago-Mendoza testified that he feared returning to Mexico for several reasons: that his father was an elected official in his family's village but was forced to resign due to threats he received in 2013; that in 2016, his aunt was compelled to shut down a small business she operated for approximately 15 years because she had been extorted for an extended period of time; and that, also in 2016, his brother had been "attacked and thrown off a roof." The record does not establish, however, that membership in the Santiago-Mendoza family was a reason why these events took place. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). Moreover, a number of his

immediate family members – three other siblings and his mother – still live in his hometown in Mexico, unharmed. *See id*. at 890–91.

De Santiago-Mendoza testified that he was afraid to return to Mexico because of a call he received in 2019 from an anonymous caller claiming to be a family member. The caller asked him to send him money; when De Santiago-Mendoza asked the caller to provide specific information about his family, the caller hung up. There is no evidence that the caller knew his family members. Although such a phone call can be frightening, one's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Because De Santiago-Mendoza has failed to establish a nexus between the alleged persecution and his proposed family-based particular social group, the record does not compel this court to reverse the BIA's conclusion with respect to his withholding-of-removal claim.[1]

Substantial evidence also supports the BIA's denial of relief on De Santiago-Mendoza's CAT claim. An applicant for CAT relief must show that "it is more

---

[1] The BIA did not distinguish between the legal standard applicable to asylum claims, namely that the protected ground was "one central reason" for a petitioner's persecution, and the less demanding standard for withholding-of-removal claims, that the protected ground was merely "a reason" for the persecution. *See Barajas-Romero*, 846 F.3d at 360. Since De Santiago-Mendoza cannot meet the less demanding standard, this omission is harmless.

likely than not that he or she would be tortured if removed" and that his torture would be "at the instigation of, or with the consent or acquiescence of, a public official." *Hernandez v. Garland*, 52 F.4th 757, 768–69 (9th Cir. 2022) (first quoting 8 C.F.R. § 1208.16(c)(2); then quoting 8 C.F.R. § 1208.18(a)(1)).

Apart from the single threatening phone call he received in 2019 and his family telling him that "things are very bad over there," country conditions reports provide evidence of violence, gang proliferation, and gang-affiliated crime, but De Santiago-Mendoza has not established that he individually would be subjected to torture. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."); *see Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (denying CAT relief because applicant failed to show "a greater risk to him than any other Mexican national deported from the United States"). Moreover, he has not presented evidence that Mexican government officials would inflict harm on him or would consent or acquiesce to his torture if returned.

Substantial evidence supports the BIA's conclusion that it was not "more likely than not" that De Santiago-Mendoza would face a particularized threat of torture if returned to Mexico.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion to stay removal, Dkt. No. 3, is otherwise denied.